## COLLINS v. COLLINS.

(Superior Court of New York City, General Term. January 7, 1895.)

GIFTS CAUSA MORTIS—REVOCATION.
> Defendant, being in ill health, took plaintiff, her daughter, then 12 years old, to the office of a company in which she owned stock, surrendered the certificate, and had a new certificate issued in plaintiff's name, but she retained possession of the new certificate. *Held*, that plaintiff intended to make a gift causa mortis, and therefore, on recovering from her illness, she had power to revoke it.

Appeal from special term.

Action by Marie J. Collins against Mary V. Collins to recover possession of certain shares of stock. A judgment was rendered that the title to the shares of stock belonged to plaintiff, subject to the right of defendant to collect and receive dividends during her life, and both parties appeal. Reversed.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

Clarence F. Swart, for plaintiff.
William C. Wilson, for defendant.

GILDERSLEEVE, J. This action was brought by the plaintiff to recover the possession of a certificate for six shares of railroad stock, and the dividends declared thereon since 1884. Upon the trial the plaintiff had judgment for a portion only of the relief prayed for, and from this judgment both parties have appealed.

The defendant claims that the judgment is erroneous, because it adjudges that the plaintiff is entitled to the possession of the stock sued for on the death of the defendant, and because it refuses to compel a retransfer of the said stock to the defendant. The plaintiff, on the other hand, claims that the judgment is erroneous in so far as it adjudges that the defendant is entitled to collect and receive for her own use and benefit, and during the rest of the term of her natural life, the dividends on the stock in controversy, and that for that purpose she may indorse in the plaintiff's name all checks received therefor.

The facts of the case, as fairly established by the evidence, are as follows: The defendant, some time in December, 1884, being in ill health, which she believed might result in her death, took the plaintiff, her daughter, who was then a child of about 12 years of age, to the office

of the Buffalo, New York & Erie Railroad Company, and then and there surrendered a certificate of six shares of stock of said company, of which she was then the owner, and had a new certificate issued in the plaintiff's name for the said stock. The defendant, however, has always retained possession of the certificate of stock, and collected the dividends in the name of the plaintiff. The plaintiff now sues for possession of the certificate, and for the sums collected thereon, with interest, claiming that the transfer was a gift inter vivos. It seems to us, however, that, by a fair preponderance of evidence, the defendant has shown that it was a gift causa mortis. And this conclusion is in accordance with the probabilities. A lone woman, in the humble circumstances of the defendant, would not be likely to give up all her possessions, except in view of death. The defendant thought that her illness might very possibly result in her death, and she wished to secure to her surviving daughter the six shares of stock, so that she might, to that extent, be provided for. The apprehended dissolution did not take place. Her right, therefore, to revoke the gift, is incontestable. She has revoked it, and consequently is entitled to the unqualified possession of the certificate of stock in question. The judgment herein should be reversed, and a new trial ordered, with costs to the defendant to abide the event.